Nott, J,
delivered the opinion of the Court.
This case was submitted to the Jury upon the evidence, merely to determine whether the road in question was a public high road, or a private way. The Jury have found a verdict for the defendant. We have not the record before us, and, therefore, do not know whether the Jury have, in so many words, found that it is a public highway, or whether that is only an inference drawn from their having found for the defendant. But I do not consider that an important inquiry: If it must be considered either one or the other, I think the preponderance of evidence in favour of the verdict; the defendant certainly did not shew any exclusive right in himself. But Í am inclined to think it ought to be considered as a convenient thoroughfare, which the people of the neighborhood made use of by the permission or acquiescence of the owner, of the soil, rather than a public highway, over which every one might claim a right to pass. Most of the old roads in this country were, as they must be in every new and unsettled country, laid out by accident, or as convenience might direct, without the sanction of public authority. They were afterwards altered, changed, or entirely discontinued, as population advanced, or as necessity or convenience required. The road in question appears to me to be one of that description. It has become so unimportant, as not to be considered worthy the attention of the commissioners of the roads; but has, nevertheless, remained a public neighborhood road, common to all who have thought proper to travel, that way. It has been convenient for the plaintiff, in passing from one plantation to another, to travel along that road ; but there is no evidence to shew that he has any exclusive right. No man has a right to appropriate the property of another to his own use. A right of way over the land of another is an accommodation, which no one can claim without an equivalent. A right by prescription, is founded on a presumption, that a grant once existed, which has been lost by lapse of time. But lapse of time is not alone sufficient to afford such a' presumption. The use must be adverse to the claim of the owner of the land. Merely passing over an uncultivated and uninclosed forest, which is common to every one, cannot, by any lapse of time, give, a right to any individual. To determine a question of this sort, we must look to the situation of the country and the habits of the people. We know that it is an *59 indulgence allowed to every body, by -the universal consent of the country, to make roads through unincloséd lands in any direction, without any kind of restraint. But no one ever dreamed, that by this kind of courtesy, a neighbor might, by and by, claim a right to such a road, to the exclusion of the owner of the soil. Such an use is not adverse-: It deprives the owner of no right, and subjects him to no inconvenience. A privilege thus enjoyed, can never be claimed as a right; whether we consider this, therefore, as a common highway, belonging to the public, or a mere thoroughfare allowed to the neighborhood. by the courtesy of the defendant, the plaintiff has no such right as will enable him to maintain an action; and the motion must, therefore, be refused.
Motion refused.